UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

TRACEY LAMONT ROBINSON.

Criminal Action No. 3:10–CR–261-01
Civil Action No. 3:12–CV–536

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Tracey Lamont Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF. No. 64) and Petitioner's Motion for Summary Judgment (ECF No. 68). For the reasons stated below, the Court DENIES Robinson's § 2255 Motion and DENIES Robinson's Motion for Summary Judgment.

## BACKGROUND

On September 21, 2010, Robinson and one other individual were indicted in a three-count indictment. Count One charged Robinson with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, and Count Three charged Robinson with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856.[1] On December 9, 2010, pursuant to a written plea agreement, Robinson pled guilty to Count One of the Incitement. On March 10, 2011, the Court sentenced Robinson to 151 months imprisonment on Count One. His sentence included a career offender enhancement, under United States Sentencing Guidelines section 4B1.1, based on Robinson's prior convictions in Virginia. The Court entered its judgment on the same day. Upon the Government's motion, the Court dismissed Count Three of the indictment. Robinson did not appeal his conviction or sentence.

---

[1] Robinson was not charged with Count Two of the indictment.

1

On or about July 23, 2012,[2] Robinson filed the instant § 2255 Motion. In his § 2255 Motion, Robinson alleges the Court improperly imposed the career criminal enhancement in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). When the United States did not file a response within the time allotted by the Court, Robinson filed a Motion for Summary Judgment. The United States, however, moved for an extension of time to respond and the Court granted the extension. The United States subsequently responded in opposition to Robinson's Motion. The Court provided Robinson twenty days to reply to the United States' response in opposition and reminded Robinson that "[p]ursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) . . . [Robinson was] entitled, but not required, to file a reply." Order, July 25, 2012, ECF No. 65. Robinson did not reply to the Government's response in opposition within the time allotted by the Court. Accordingly, the matter is now ripe for decision.

## **DISCUSSION**

I. **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255**

   a. **Legal Standard**

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a

---

[2] An inmate's document is deemed filed as of the date it is deposited in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The Court received Robinson's § 2255 Motion on July 23, 2012. Robinson did not indicate the date he placed his § 2255 Motion in the prison mailing system. The certificate of service does not include a date. However, regardless of the date the § 2255 Motion was filed, the analysis below would not change.

preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Robinson's factual allegations and legal contentions.

### b. Analysis

Regardless of the timeliness of Robinson's § 2255 Motion, which is contested by the United States, the Court finds Robinson's claim is not cognizable under § 2255. Robinson relies solely on the Fourth Circuit's ruling in *Simmons*. In *Simmons*, the Fourth Circuit interpreted the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), finding that *Carachuri-Rosendo* stood for the principle that enhancement of a federal sentence based on a prior conviction requires a sentencing court to determine the maximum sentence of the prior conviction based on the actual level of aggravation, rather than the maximum sentence that could have been imposed on a hypothetical defendant who was guilty of an aggravated offense. *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). The Fourth Circuit later determined the ruling in *Carachuri-Rosendo* is procedural and therefore does not apply retroactively to cases on collateral review. *Id.* at 560. Accordingly, the Fourth Circuit's interpretation of *Carachuri-Rosendo* in *Simmons* also does not apply to cases on collateral review. Therefore, even if *Simmons* could in theory apply to Robinson's previous convictions and the § 2255 Motion was timely, *Simmons* does not create a cognizable claim for collateral relief and Robinson's claim is DENIED. The Court also DENIES Robinson's Motion for Summary Judgment as moot because the Court granted the Government an extension of time to respond to the § 2255 Motion, finding such an extension appropriate in the interest of justice.

## II. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A

certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Robinson is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES Robinson's § 2255 Motion, DENIES Robinson's Motion for Summary Judgment, and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Robinson and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___29th___ day of May 2013.